UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ELAINE I. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Petitioner, | ) ) | Case No. 1:05-mc-61 |
| v. | ) ) | Honorable Robert Holmes Bell |
| ROBERT POTTER, et al., | ) ) ) | **MEMORANDUM OPINION** |
| Respondents. | ) ) | |

This is a proceeding brought by the Secretary of Labor to enforce administrative subpoenas issued in connection with the Secretary's investigation of possible irregularities in the election for officers of Local 951, United Food and Commercial Workers Union, conducted in September 2004. After a member of the union lodged a complaint, the Office of Labor-Management Standards initiated an investigation to determine whether any person had violated any provision of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401, *et seq*. In furtherance of that investigation, on April 6, 2005, the District Director of the Office of Labor-Management Standards issued five administrative subpoenas *ad testificandum* requiring six union employees to appear for testimony on April 13 and 14, 2005. One subpoena also required production of certain documents. Counsel for the union, however, advised his clients not to appear in response to the subpoenas and so informed the Secretary. The Secretary filed her petition to enforce the subpoenas on May 6, 2005. By order of reference entered May 16, 2005, then District Judge David W. McKeague referred the matter to Magistrate Judge Joseph G. Scoville for hearing and

determination.  (Order of Reference, docket # 5).  Judge McKeague ordered respondents to show cause before Magistrate Judge Scoville on June 17, 2005, why the administrative subpoenas should not enforced.  (Order to Show Cause, docket # 6).  Respondents filed an answer to the petition, supported by affidavits.

On June 29, 2005, Magistrate Judge Scoville conducted a hearing on the petition.  At the conclusion of the hearing, the magistrate judge set forth oral findings of fact and conclusions of law on the record.  (*See* Transcript of Proceedings, docket # 18).  In brief, the magistrate judge found that the Secretary had fulfilled her burden of showing a *prima facie* case in favor of enforcement and that respondents had failed to show that the subpoenas were issued for an improper purpose or that the Secretary was otherwise proceeding in bad faith.  The magistrate judge therefore entered an order (docket # 17) enforcing the administrative subpoenas.  Respondents filed objections to the order of the magistrate judge.  In light of Judge McKeague's elevation to the Sixth Circuit Court of Appeals, this matter was reassigned to the undersigned judge for all further proceedings.  Upon review of respondents' objections, the court determines that the order of the magistrate judge was proper and that the subpoenas should be enforced.

## **Discussion**

### **1.**

The court notes at the outset that respondents' objections violate the requirements of Rule 72 of the Federal Rules of Civil Procedure and the Local Civil Rules of this court.  Rule 72 requires a party objecting to the determination of a magistrate judge to file "specific" objections; likewise, Local Rule 72.3(b) requires an objecting party to specify the basis for any objection.  The

Sixth Circuit holds that only those specific objections to the magistrate judge's determination will be preserved for appellate review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1372 (6th Cir. 1987). A general objection does not suffice. *See Miller*, 50 F.3d at 380; *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *see also Drew v. Tessmer*, No. 02-1070, 2002 WL 1316402, at * 1 (6th Cir. June 14, 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). An objection that merely restates the arguments previously presented to the magistrate judge is not sufficient to alert the district court to alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* In contravention of these basis principles, respondents' objections ignore completely the findings of the magistrate judge and merely reiterate the arguments presented in the brief and oral argument before the magistrate judge. This method of proceeding, in addition to contravening settled law in this circuit, is most unhelpful to the court and fails to direct the court's attention to the essential disputes between the parties.

In light of the noted deficiencies in respondents' briefing, it falls upon the court to discern as best it can the basis for respondents' objections. In his oral opinion, the magistrate judge properly set forth the standard to be applied by the court in determining whether to enforce and administrative subpoena. An administrative subpoena is enforceable so long as (1) it satisfies the terms of its authorizing statute, (2) the documents requested were relevant to the investigation, (3)

the information sought is not already in the agency's possession, and (4) enforcing the subpoena will not constitute an abuse of the court's process. *See United States v. LaSalle Bank*, 437 U.S. 298, 314-16 (1978); *In re Administrative Subpoena*, 289 F.3d 843, 845 (6th Cir. 2001). The magistrate judge correctly imposed upon the Secretary the burden of satisfying the first three prongs of the test and imposed upon respondents the burden of demonstrating that enforcement of the subpoena would constitute an abuse of process. Further, he correctly noted that respondents bear a "heavy burden" of proving bad faith. *In re Administrative Subpoena*, 289 F.3d at 846. The magistrate judge found that the Secretary had met her burden, but that respondents had failed to show that enforcement of the subpoena would constitute an abuse of the court's process. Respondents do not appear to challenge the magistrate judge's determination that the Secretary has met her burden to show a *prima facie* case. Consequently, respondents' attack appears to concern the finding that respondents did not meet their "heavy burden" to show that enforcement of the subpoenas would be an abuse of this court's process. Because this determination involves a mixed question of fact and law, the court reviews the issue *de novo*, even though the decision whether to enforce a subpoena is clearly nondispositive in nature.

**2.**

As noted above, once the agency has shown a *prima facie* case, it is entitled to an order enforcing subpoenas unless respondents can show that the agency is attempting to abuse the court's process. *See United States v. Stuart*, 489 U.S. 353, 359 (1989). Respondents here make a broad-gauged attack on the good faith of the Secretary's investigation into the legality of the union election. None of respondents' allegations of bad faith, however, can withstand scrutiny.

First, respondents raise sweeping challenges to the merits of the underlying investigation. They assert that the allegations of the objectors to the election were "meager," that the Secretary has investigated the union in the past without success, and that the Secretary has already made up her mind concerning the propriety of the election and now only seeks to support a "foregone conclusion" that the election was improper. None of these challenges to the merits of the underlying investigation is properly before the court. An agency seeking to exercise investigative authority pursuant to a specific statutory grant to issue subpoenas is not limited to situations where there is probable cause to suspect violation of the law. *See United States v. Powell*, 379 U.S. 48, 53-56 (1964). The purpose of such statutes authorizing issuance of administrative subpoenas is not to accuse but to inquire. *See United States v. Bisceglia*, 420 U.S. 141, 146 (1975). Consequently, the Secretary may investigate on mere suspicion that the law is being violated or even just because she wants assurance that it is not. *See Powell*, 379 U.S. at 57. The Secretary has no obligation to justify the merit of her investigation as a prerequisite to enforcement of administrative subpoenas.

Respondents' principal basis for alleging bad faith is the allegation that Department of Labor investigators interviewed some union witnesses without legal counsel present, even after allegedly agreeing not to. The Secretary disputes any such agreement, but for present purposes, the court will assume that such agreement existed. On the basis of this alleged ethical violation, respondents assert that enforcement of the subpoenas would be an abuse of this court's process. Respondents' argument suffers from numerous flaws. At the threshold, the court is unpersuaded that the ethical proscriptions of the Michigan Professional Rules of Conduct, binding on attorneys, have any relevance to investigators for the Department of Labor. Respondents cite provisions of the ethical rules requiring that an attorney make reasonable efforts to assure that investigators and other

non-lawyers working for the attorney comply with the Rules of Professional Conduct.  *See* MICH. R. PROF. COND. 5.3.  Respondents have failed to show, however, that any of the investigators were actually working for a member of the Michigan bar, as opposed to exercising governmental authority under the aegis of the Secretary.  Even assuming that respondents could prove some ethical lapses on the part of investigators working for attorneys (or, as respondents assert, misrepresentations made by investigators to interviewees), such conduct would not vitiate the good faith of the entire investigation.  The law is clear that any bad faith asserted by a party may not be based on the improper motives or conduct of an individual agency employee.  Rather, the evidence must show that the agency itself, in "an institutional sense," acted in bad faith.  *See In re Administrative Subpoena*, 289 F.3d at 846.  Respondents have not cited any case in which allegedly improper *ex parte* contacts by an agency investigator have led a court to conclude that the agency was guilty of bad faith in an institutional sense.  The record in the present case is likewise insufficient for the court to reach such a conclusion.  In other words, even assuming that some of the agency *interviews* were improper, respondents have not shown how that impropriety would render improper the *depositions* sought by the Secretary.

        Finally, respondents label as "misconduct" the Secretary's refusal to unequivocally state whether any particular union official was under criminal investigation.  Respondents have not cited any authority to this court that would require the Secretary to make such a pronouncement as a prerequisite to exercising her statutory investigative authority.  Respondents apparently wish to relieve themselves of the burden of showing improper motive by shifting to the Secretary the burden of showing that her investigation is *not* for an improper motive, *i.e.*, to aid a criminal investigation. More basically, there is absolutely no evidence before the court to indicate that any arm of the federal

government is contemplating, let alone pursuing, a criminal investigation of any of the union's employees.  Although a court may refuse to enforce an administrative subpoena when the "sole motive" is to collect evidence for possible criminal prosecution, respondents have fallen far short of demonstrating that pursuit of a criminal prosecution is "a" motive, let alone the agency's "sole" motive.

Finally, respondents cite cases such as *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977), which involve criminal prosecutions and the suppression of evidence on Fourth or Fifth Amendment grounds.  To the extent that respondents are seeking, *sub silentio*, to raise constitutional challenges, they are out of order at this stage of the proceedings.  First, it is now clear that the enforcement of a civil administrative subpoena is not a search or seizure within the meaning of the Fourth Amendment.  *See United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir. 1985).  Second, any witness testifying pursuant to administrative subpoena certainly does not forfeit his or her Fifth Amendment privilege against self-incrimination.  However, a witness seeking the protection of the Fifth Amendment privilege against self-incrimination must provide more than mere speculative, generalized allegations of a possible criminal prosecution.  *Id.*  To invoke the privilege, the witness must be faced with substantial and real hazards of self-incrimination.  *See United States v. Apfelbaum*, 445 U.S. 115, 128 (1980).  A blanket objection to the issuance of an administrative subpoena based on the Fifth Amendment privilege against self-incrimination is not a viable defense. *See United States v. Allee*, 888 F.2d 208, 212 (1st Cir. 1989).  Rather, the deponent must appear before the agency and claim the privilege on a question-by-question and document-by-document basis.  *Id.* at 212; *accord United States v. Grable*, 98 F.3d 251, 255 (6th Cir. 1996).

In summary, the court finds that respondents have failed in their heavy burden to demonstrate that enforcement of the administrative subpoenas would amount to abuse of this court's process. Respondents' objections will therefore be overruled, and the respondents will be ordered to comply with the administrative subpoenas forthwith, upon contempt of court.

Date:   August 10, 2005          /s/ Robert Holmes Bell
                                                   ROBERT HOLMES BELL
                                                   CHIEF UNITED STATES DISTRICT JUDGE